# IN THE COURT OF APPEALS OF IOWA

No. 14-0638
Filed May 20, 2015

**WARREN CHRISTY and ALICE CHRISTY,**
    Plaintiffs-Appellants,

**vs.**

**HARRISON COUNTY BOARD OF SUPERVISORS,**
**Acting as THE BOARD OF TRUSTEES OF THE**
**SIEG DRAINAGE DISTRICT,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Harrison County, Jeffrey L. Larson,

Judge.

Landowners appeal from the district court ruling upholding the authority of

a county board of supervisors to replace drainage district tubes. **AFFIRMED.**

Douglas L. Struyk of Carney & Appleby, P.L.C., Des Moines, for

appellants.

Sasha L. Monthei of Scheldrup Blades, Cedar Rapids, for appellee.

Heard by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, J.**

This appeal raises a challenge to the authority of a county board of supervisors to replace tubes in a drainage district.

## I.    Background Facts and Proceedings

Several drainage districts within Harrison County, Iowa, were served by a tube system located outside the boundaries of the Sieg Drainage District. Warren and Alice Christy lived within the Sieg Drainage District.

Historically, the Harrison County Board of Supervisors, as trustee of the Sieg Drainage District, addressed maintenance issues associated with the tube system.  *See* Iowa Code §§ 468.3(2), .126(1) (2011).  When the tube system collapsed, an engineer recommended replacing the twin tubes in the failed system with a single tube.  *See id.* § 468.126(1)(b) ("The board may at any time obtain an engineer's report regarding the most feasible means of repairing a drainage or levee improvement and the probable cost of making the repair.").  The Board scheduled a hearing.  *See id.* § 468.126(1)(c) (requiring hearing if the size of the repair exceeds twenty thousand dollars).[1]  At the hearing, the Christys objected to having the Sieg drainage district assume the entire cost of the repair.  After considering the objection and public comments, the Board unanimously adopted the engineer's recommendation.

The Christys appealed.  *See generally id.* §§ 468.83, .84, .86.  The district court denied their request to void the Board's action, and this appeal followed.  On appeal, our review is de novo.  *See id.* § 468.91.

---

[1] After 2011, this amount was changed to fifty thousand dollars.  *See* Iowa Code § 468.126(1)(c) (2015).

## II.     Analysis

### A.  Authority and Jurisdiction of Board

The Christys contend the Board "lacked the authority and jurisdiction to approve and pay for the replacement of the drainage tube."  To the contrary, the legislature vested the Board with authority to "order done whatever is necessary to restore or maintain a drainage or levee improvement in its original efficiency or capacity," including the "repair [of] any damaged structures" and "whatever else may be needed to restore or maintain such efficiency or capacity or to prolong its useful life."  *See* Iowa Code § 468.126(1)(a); *see also Bd. of Trs. of Farmers Drainage Dist. v. Iowa Natural Res. Council*, 78 N.W.2d 798, 803 (Iowa 1956) (stating analogous provision in prior statute was "a comprehensive provision imposing the mandatory duty on trustees of a drainage district to keep its drains in repair and authorizing trustees to 'order done whatever is necessary to restore or maintain' the 'improvement in its original efficiency or capacity'"); *Johnson v. Monona-Harrison Drainage Dist.*, 68 N.W.2d 517, 525 (Iowa 1955) (same).  The Board's authority extends to repairs outside the district.  *See* Iowa Code § 468.126(6) (stating a drainage district board "may, by contract or conveyance, acquire, *within or without* the district, the necessary lands or easements for making repairs or improvements under this section" (emphasis added)); *see also Polk Cnty. Drainage Dist. Four v. Iowa Natural Res. Council*, 377 N.W.2d 236, 241 (Iowa 1985) ("The trustees have authority to decide whether to initiate proceedings for a project, *including repair of an outlet outside the district.*" (emphasis added)); *Nelson v. Graham*, 197 N.W. 905, 906-07 (Iowa 1924) (holding prior statute "specifically conferred" authority to act "upon the board to

extend the outlet beyond the boundaries of the drainage district" and stating "[t]he language conferring such authority is clear, certain, and unambiguous"). Section 468.126(1)(a) is dispositive.

### B. Excessive Assessment

The Christys also argue the assessment was excessive "for failure to include other districts." Their argument is premised on Iowa Code section 468.132, which relates to common outlets and the obligation to provide notice to other drainage districts when it becomes "necessary to clean out, deepen, enlarge, extend, or straighten said ditch, drain, or natural watercourse in order to expeditiously carry off the combined waters of such districts." *See* Iowa Code § 468.132.[2] The Christys lack standing to challenge the absence of notice to other districts or to require payment from the other districts. That prerogative rests with the Board. *See Bd. of Sup'rs of Harrison Cnty. v. Bd. of Sup'rs of Crawford Cnty.*, 12 N.W.2d 259, 263-64 (Iowa 1943) ("The obligation of the benefited upper district is to pay its proportionate share of all of warrant indebtedness, as determined by the benefit it receives. But this obligation does

---

[2] Iowa Code section 468.132 states:

> When two or more drainage districts outlet into the same ditch, drain, or natural watercourse and the board determines that it is necessary to clean out, deepen, enlarge, extend, or straighten said ditch, drain, or natural watercourse in order to expeditiously carry off the combined waters of such districts, the board may proceed as provided in section 468.126. After said board has decided that such work should be done, it shall fix a date for hearing on its decision, and it shall give two weeks' notice thereof by certified mail to the auditor of the county wherein the land to be assessed for such work is located, and said county auditor shall thereupon immediately notify by certified mail the board or boards of trustees of the districts having supervision thereof, as to said hearing on said contemplated work. In those instances where two or more districts involved are under the supervision of the same board, or joint board if the district is intercounty, the notice shall be given to all landowners affected as prescribed for in sections 468.14 through 468.18.

not arise until its share has been determined and apportioned by the commission and passed upon by the board of supervisors of the county in which the lower or repairing district is located."). The Christys cite no authority which would allow them to stand in the Board's shoes for purposes of seeking contribution and requiring service of notice on other districts.

We recognize section 468.126 also contains certain notice requirements analogous to those in section 468.132. However, those requirements only apply when the board authorizes an improvement rather than a repair to a drainage district. *Compare* Iowa Code § 468.126(4)(a) with *id.* § 468.132.[3] The Christys concede the tube-replacement constituted a repair rather than an improvement. Accordingly, the augmented notice provisions of section 468.126(4)(a) did not apply. Additionally, those requirements arise only when the board makes a decision to reclassify benefits for the cost of improvements. The Board took no formal action to reclassify benefits. *See Hicks v. Franklin Cnty. Auditor*, 514 N.W.2d 431, 433 (Iowa 1994). While the Board wrote to another district and requested reimbursement for fifty percent of the tube-replacement cost, it did not initiate an action against the other district when the district failed to respond. *See Bd. of Trs. of Monona-Harrison Drainage Dist. No. 1 v. Bd. of Sup'rs of Monona Cnty.*, 291 N.W. 141, 142 (Iowa 1940) (describing action by one district to compel other districts to levy assessments). Accordingly, the notice provisions of section 468.126(4)(a) were inapplicable.

---

[3] For most purposes, section 468.126 removes the common-law distinction between repairs and improvements. *See Johnson*, 68 N.W.2d at 526 (stating predecessor to section 468.126 "now largely eliminates the distinction between improvements desirable and repairs necessary.").

Even if the Christys had standing to raise the absence of notice to other entities or persons, their reliance on section 468.132 is unavailing for another reason. By its terms, section 468.132 permits the Board "to proceed as provided in section 468.126." Accordingly, we come full circle to section 468.126, which authorizes board action in precisely this type of situation. *See* Iowa Code § 468.126(1)(a).

### III.    *Disposition*

We conclude Iowa Code section 468.126 vested the Board with authority and jurisdiction to approve and pay for replacement of the drainage tube. We further conclude the Board's failure to notify other districts of the action did not render the assessment excessive. Based on these conclusions, we find it unnecessary to address the Christys' remaining arguments.

**AFFIRMED.**